FILED
2017 Jun-06 PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LATESIA RANCHER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| BROOKDALE SENIOR LIVING | ) | |
| COMMUNITIES, INC. D/B/A | ) | |
| BROOKDALE SENIOR LIVING, | ) | |
| INC., | ) | JURY DEMAND |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## I.  JURISDICTION

1.     This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964", as amended, and 42 U.S.C. §1981, as amended. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII and 42 U.S.C. § 1981, providing injunctive and other relief against racial discrimination and retaliation in employment.

## II.  PARTIES

2.     Plaintiff, Latesia Rancher, (hereafter "PLAINTIFF"), is an African-

American female citizen of the United States and is a resident of Bessemer, Alabama.

3.     Defendant, Brookdale Senior Living Communities, Inc. d/b/a Brookdale Senior Living, Inc., (hereafter "DEFENDANT") is an employer doing business in the state of Alabama. At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. § 2000e (b), (g), and (h).

### III. ADMINISTRATIVE PROCEDURES

4.     Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5.     Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at the Defendant's Birmingham, Alabama facility.

6.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of race and retaliation.

7.     On February 24, 2017, within 180 days of the last discriminatory act

of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8.     Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on March 8, 2017, and Plaintiff has filed suit within ninety (90) days of receipt of her Notice of Right to Sue.

9.     All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV. FACTS

10.     Plaintiff hereby adopts and realleges paragraphs one (1) through nine (9) above as if fully set forth herein.

11.     Plaintiff, Latesia Rancher, is an African-American female who began working for the Defendant in or around April of 2013 as a Therapy Aide.

12.     Plaintiff is the only person who operates as a Therapy Aide in the Defendant's Birmingham, Alabama facility.

13.     Plaintiff assists approximately thirteen (13) Therapists who work with the patients.

14.     Since Plaintiff's hiring, she has been constantly harassed by her white supervisor, Ms. Amanda Walker.

15.     Ms. Walker was immediately aware of Plaintiff's African-American descent.

16.     Plaintiff is the only African-American in her department.

17.     Plaintiff is the only African-American who reports directly to Ms. Walker.

18.     Beginning in or around May 25, 2015, Plaintiff started complaining to Defendant's Area Director, Ms. Michelle Harvey, that Ms. Walker would reprimand her in front of her co-workers and patients, but reprimanded her white subordinates privately in Ms. Walker's office.

19.     In or around July 1, 2015, Plaintiff complained again to Ms. Harvey about Ms. Walker's discriminatory behavior and harsh treatment of her in front of co-workers and patients.

20.     In or around July 7, 2015, Ms. Walker had an aggressive attitude towards Plaintiff and reprimanded her in front on co-workers and patients.

21.     In or around February 2016, Plaintiff wanted to apply for FMLA leave for hurting her neck at work and Ms. Walker told her she did not qualify.

22.     In or around March 25, 2016, Ms. Walker gave Plaintiff her first write-up for being on her cell phone, put her on a 30-day Action Plan, and asked her to leave work.

23.     Plaintiff never received any communication from Ms. Walker as to if the 30-day Action Plan had expired or had been extended.

24.     In or around May of 2016, Plaintiff made an appointment with Ms.

Angela Harris, HR representative, to transfer out of Ms. Walker's division.

25.    Ms. Walker told that Plaintiff needed to call Ms. Nancy Baker, but told me she did not have her information or telephone number.

26.    In or around January, 26 2017, the code lock was changed on the employee entrance door. White employees were given the code, but it was not given to Plaintiff.

27.    In March of 2017, Ms. Walker required Plaintiff to start drafting daily logs of everything Plaintiff did while she was at work, including when she used the restroom.

28.    In or around May of 2017, the Defendant gave out suggestion slips to its employees, however Plaintiff was excluded from receiving the suggestion slips.

29.    Ms. Walker has a past of discriminating against African-American workers.

30.    Plaintiff, along with other minorities employed by the Defendant, were discriminated against and retaliated because of their race.

## V.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

**STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981
RACIAL DISCRIMINATION CLAIMS**

31.    Plaintiff adopts and realleges the allegations of paragraphs one (1) through thirty (30) as if fully set forth herein.

32.    Plaintiff's race is African-American.

33.    Plaintiff avers based on the facts set forth herein she has been denied pay, discriminated against, treated differently, and harassed by Defendant because of her race and subjected to racial discrimination and a hostile work environment. Plaintiff further avers the Defendant has a habit and/or practice of discriminating against African-Americans and minorities.

34.    Plaintiff avers Defendant condoned and tolerated the race discrimination and hostile work environment.  Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended, and the "Civil Rights Act of 1866," as amended.

35.    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

36.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

37.    The Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and by the "Civil Rights Act of 1866," as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, the "Civil Rights Act of 1866," as amended, and 42 U.S.C. §1981, as amended;

c.      Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S 42 U.S.C. § 1981 RETALIATION CLAIMS

38.     Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.     Plaintiff avers that she has been unjustly harassed, denied pay, and terminated in retaliation for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and the adverse actions she suffered. Plaintiff has been retaliated against in violation of 42 U.S.C. § 1981, as amended. Defendant has a habit and/or practice of retaliating against employees that engage in protected activity.

40.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by 42 U.S.C. § 1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant' request from violating 42 U.S.C. § 1981, as amended;

c.      Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and,

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

/s/ Nicole Davis Edwards
NICOLE DAVIS EDWARDS
State Bar ID No: ASB-4832-B19D
*Attorney for Plaintiff*

**OF COUNSEL:**
EDWARDS & EDWARDS
ATTORNEYS AND MEDIATORS, PLLC
1530 3rd Avenue North
Bessemer, Alabama 35020
Tel: (205) 549-1379
E-mail: nicole.eeam@icloud.com

**PLAINTIFF'S ADDRESS**:

Ms. Latesia Rancher
c/o EDWARDS & EDWARDS
ATTORNEYS AND MEDIATORS, PLLC
1530 3rd Avenue North
Bessemer, Alabama 35020

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

Brookdale Senior Living Communities, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104